**In the Interest of B.G., C.W., E.W., B.B.W., and J.W., Children.**

**No. 07–0960.**

Supreme Court of Texas.

Argued Sept. 8, 2009.

Decided July 2, 2010.

Brent L. Watkins, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, for Petitioner.

Duke Elton Hooten, Texas Dept. of Protective & Regulatory Serv., Trevor Allen Woodruff, Michael C. Shulman, Texas Department of Family and Protective Services, Austin, for Respondent.

Michelle Wood Charanza, Lufkin, for Other Interested Party Michelle Charanza.

Jennifer Dawn Armstrong, Office of District Attorney, Lufkin, for Other Interested Party Dawn Armstrong.

Dewey Britt, Tex. Dept. Family & Protective, Lubbock, for Other Interested Party Dewey Duane Britt.

CASA of Angelina County, Lufkin, pro se.

Justice HECHT delivered the opinion of the Court.

In cases brought by the government for termination of parental rights, section 263.405 of the Texas Family Code prescribes shortened post-trial deadlines and special procedures to discourage frivolous appeals and expedite finality, minimizing the time a child must spend in temporary care. Section 263.405(i) limits an appeal to the issues included in a statement filed in the trial court within fifteen days after the judgment is signed. But if an indigent parent who has requested appointed counsel fails to timely file the required statement, the statutory limitation cannot, consistent with due process, preclude an

appeal complaining of ineffective assistance. So we held in *In re J.O.A.*[1] For essentially the same reasons, we now hold that due process[2] does not allow the lack of the required statement to be the basis for denying the parent an appellate record. Accordingly, we reverse the judgment of the court of appeals[3] and remand the case to that court for further proceedings in accordance with this opinion.

## I

### A

Section 263.405(a) provides that an appeal from a judgment in a parental rights termination case brought by the government is accelerated under the Texas Rules of Appellate Procedure.[4] Section 263.405(b) requires that a motion for new trial be filed within fifteen days from the date the judgment is signed, instead of the usual thirty,[5] and requires that within the same period "a statement of the point or points on which the party intends to appeal" must be filed.[6] The statute does not provide for an extension of the deadline. The statement of appellate points is crucial. Section 263.405(i) states:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

Notice of appeal and an appellant's affidavit of indigence must be filed within twenty days after the judgment is signed.[7] (A party's indigent status in the trial court does not establish indigence on appeal.[8]) This deadline is not extended by the filing

1. 283 S.W.3d 336, 347 (Tex.2009).

2. Petitioner invokes both the Fourteenth Amendment to the United States Constitution and article I, section 19 of the Texas Constitution. Because "[t]he parties have not identified any difference between the state and federal guarantees material to the issues in this case", we treat them as the same. *Nat'l Collegiate Athletic Ass'n v. Yeo*, 171 S.W.3d 863, 867–868 (Tex.2005); *id.* at 868 n. 14 (citing *Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 929 (Tex.1995), and *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249, 252–253 (1887)); *see also Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 525 (Tex.1995) (noting that while these provisions have sometimes been treated as providing identical guarantees, the Court has occasionally attempted to formulate an independent standard for the state provision).

3. 317 S.W.3d 259 (Tex.App.-Tyler 2007).

4. TEX. FAM CODE § 263.405(a) ("An appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section.").

5. TEX.R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed.").

6. TEX. FAM.CODE § 263.405(b) ("Not later than the 15th day after the date a final order is signed by the trial judge, a party who intends to request a new trial or appeal the order must file with the trial court: (1) a request for a new trial; or (2) if an appeal is sought, a statement of the point or points on which the party intends to appeal.").

7. TEX.R.APP. P. 26.1(b) ("in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"); TEX R.APP. P. 20.1(c)(1) ("An appellant must file the affidavit of indigence in the trial court with or before the notice of appeal.").

8. TEX.R.APP. P. 20.1(c)(1) ("The prior filing of an affidavit of indigence in the trial court pursuant to Texas Rule of Civil Procedure 145 does not meet the requirements of this rule, which requires a separate affidavit and proof of current indigence.").

of post-trial motions or requests for findings and conclusions,[9] but the appellate court can grant a fifteen-day extension.[10] Within thirty days after the judgment is signed, section 263.405(d) requires the trial court to "hold a hearing" to determine whether a new trial should be granted, whether any claim of indigence should be sustained, and whether the appeal is frivolous.[11] A parent whose claim of indigence is not denied within thirty-six days after the judgment is signed is considered to be indigent.[12]

Ordinarily in an accelerated appeal, the record is due ten days after the notice of appeal,[13] but in a parental rights termination case, preparation of the record for an indigent's appeal cannot even begin until the trial court has determined at the hearing required by section 263.405(d) that an appeal will not be frivolous,[14] and section 263.405(f) allows the appellate record to be filed up to sixty days after the judgment is signed.[15] Thus, an indigent parent must move for new trial, file a statement of appellate points, and convince the trial court that appeal is not frivolous, all without a reporter's record.

■ An indigent parent is entitled to appointed counsel in parental rights termination cases,[16] and that statutory right, we have held, "embodies the right to effective

9. Tex. Fam.Code § 263.405(c) ("A motion for a new trial, a request for findings of fact and conclusions of law, or any other post-trial motion in the trial court does not extend the deadline for filing a notice of appeal under Rule 26.1(b), Texas Rules of Appellate Procedure, or the deadline for filing an affidavit of indigence under Rule 20, Texas Rules of Appellate Procedure."); Tex.R.App. P. 28.1(b) ("Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal.").

10. Tex.R.App. P. 28.1(b) ("Unless otherwise provided by statute, an accelerated appeal is perfected by filing a notice of appeal in compliance with Rule 25.1 within the time allowed by Rule 26.1(b) or as extended by Rule 26.3."); Tex.R.App. P. 26.3 ("The appellate court may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b).").

11. Tex. Fam.Code § 263.405(d) ("The trial court shall hold a hearing not later than the 30th day after the date the final order is signed to determine whether: (1) a new trial should be granted; (2) a party's claim of indigence, if any, should be sustained; and (3) the appeal is frivolous as provided by Section 13.003(b), Civil Practice and Remedies Code."); see Tex. Civ. Prac. & Rem Code § 13.003(b) ("In determining whether an ap-

peal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review.").

12. Tex. Fam Code § 263.405(e).

13. Tex.R.App. P. 35.1(b). However, "[i]n lieu of the clerk's record, the appellate court may hear an accelerated appeal on the original papers forwarded by the trial court or on sworn and uncontroverted copies of those papers." Tex.R.App. P. 28.1(e).

14. See Tex. Civ. Prac. & Rem.Code § 13.003(a) ("[A] court reporter shall provide without cost a statement of facts and a clerk of a court shall prepare a transcript for appealing a judgment from the court only if: (1) an affidavit of inability to pay the cost of the appeal has been filed under the Texas Rules of Appellate Procedure; and (2) the trial judge finds: (A) the appeal is not frivolous; and (B) the statement of facts and the clerk's transcript is needed to decide the issue presented by the appeal.").

15. Tex. Fam.Code § 263.405(f) ("The appellate record must be filed in the appellate court not later than the 60th day after the date the final order is signed by the trial judge, unless the trial court, after a hearing, grants a new trial or denies a request for a trial court record at no cost.").

16. Tex. Fam Code § 107.013(a) ("In a suit filed by a governmental entity in which termi-

counsel".[17] There are no statutory directives for when or how the appointment is to be made. Once appointed, an attorney cannot withdraw without good cause and the court's permission,[18] and withdrawal is subject to ethical restrictions.[19] It is not uncommon for appellate counsel to be substituted for trial counsel, but appellate counsel cannot be appointed until the appellant has been determined to be indigent on appeal.[20] An attorney who was not present at trial often faces significant difficulties in determining what grounds there may be for a motion for new trial or appeal within the prescribed timeframe.

**B**

The Texas Department of Family and Protective Services sued petitioner Lester Williams in February 2005 to terminate his rights in his four children on the ground that he had endangered their well-being.[21] From the scant record before us, which does not include a reporter's record of the trial, it appears that Williams, an inmate, was permitted to discharge his appointed counsel and proceed to trial *pro se*. The trial court signed a judgment terminating Williams's parental rights on July 18, 2006. The docket sheet reflects that on July 20 the trial court appointed attorney Claude Welch to represent Williams, and we infer

nation of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of: (1) an indigent parent of the child who responds in opposition to the termination. . . .").

17. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003).

18. Tex.R. Civ P. 10 ("An attorney may withdraw from representing a party only upon written motion for good cause shown. . . . The Court may impose further conditions upon granting leave to withdraw.").

19. Tex. Disciplinary R. Prof'l Conduct 6.01 ("A lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause, such as: (a) representing the client is likely to result in violation of law or rules of professional conduct; (b) representing the client is likely to result in an unreasonable financial burden on the lawyer; or (c) the client or the cause is so repugnant to the lawyer as to be likely to impair the client-lawyer relationship or the lawyer's ability to represent the client."). The Court has proposed to amend the rule by redesignating the existing text as paragraph (b) and adding the following paragraph (a): "When a tribunal appoints a lawyer to represent a person, the lawyer shall represent the person until the representation is terminated in accordance with Rule 1.16(c)." Order Approving Proposed Amendments to the Texas Disciplinary Rules of Professional Conduct, Misc. Docket No. 09–9175 (Tex. Oct. 20, 2009). Proposed

Rule 1.16(c) adds a sentence to what is currently Rule 1.15(c), so that it reads as follows: "A lawyer shall comply with these Rules, applicable rules of practice or procedure, and applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." *Id.*

20. Tex. Fam.Code § 263.405(e) ("If a party claims indigency and requests the appointment of an attorney, the court shall require the person to file an affidavit of indigency and shall hear evidence to determine the issue of indigency. If the court does not render a written order denying the claim of indigence or requiring the person to pay partial costs before the 36th day after the date the final order being appealed is signed, the court shall consider the person to be indigent and shall appoint counsel to represent the person.").

21. *See* Tex. Fam.Code § 161.001(1)(D)–(E) ("The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence: (1) that the parent has: ... (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child. . . .").

from this notation that Williams indicated an intention to appeal and requested appointment of counsel, and that Welch was actually appointed. But the record does not contain an order appointing Welch or reflect that he took any action on behalf of Williams. The record does contain an order dated August 9 appointing attorney Brent Watkins to represent Williams. Watkins stated at oral argument that the trial court accommodated Welch's request to be relieved of the appointment and that Welch never actually represented Williams, but our record is silent on the subject.

Watkins's appointment came twenty-two days after the judgment was signed, and thus after the deadlines for filing a statement of appellate points, a notice of appeal, and an affidavit of indigence. Watkins filed Williams's notice of appeal on August 14 and his affidavit of indigence on August 23, and was granted extensions for both. Watkins filed a statement of appellate points on September 11, forty days late. The statement set out two points of appeal: first, that Williams had not been allowed to offer family members' testimony about efforts he had made to provide his children physical and emotional care, to refute the charges that he had placed his children, or allowed them to remain, in dangerous conditions; and second, that the evidence for termination was not clear and convincing.

The trial court held a hearing on September 12, fifty-six days after the judgment was signed. The record does not reflect a reason for the delay. By that time, since the trial court had not denied Williams's claim of indigence, he was considered to be indigent. The trial court ordered that because Williams had not filed a statement of appellate points by the statutory deadline, an appellate record was "not needed to decide any issue presented for the appeal", and found that "no substantial question for appellate review has been presented".[22] The court of appeals affirmed,[23] and we granted Williams's petition for review.[24]

## II

■ Williams contends that by precluding his appeal, section 263.405 violates due process. We faced a similar contention in *In re J.O.A.*[25] There, an indigent parent's appointed counsel was permitted to withdraw after the trial, and new counsel was appointed, but not until after the statement of appellate points was due.[26] On appeal, the parent complained that he had been denied effective assistance of counsel. Section 263.405(i) foreclosed that complaint because it was not included in a timely filed statement of points, even though the lack of a statement was the basis of the complaint. We held that by precluding the parent from complaining on appeal of ineffective assistance of counsel in those circumstances, section 263.405(i) violated due process.[27] We further held, based on a full record, that the parent had been denied effective assistance because his appellate issue, insufficiency of the evidence, would have required reversal had it been includ-

22. Despite this finding, the trial court refused to find that an appeal would be frivolous. The trial court did not explain its reasoning. One possibility is that the judge presiding at the hearing had not presided over the trial and, of course, did not have a record of the evidence presented.

23. 317 S.W.3d 259 (Tex.App.-Tyler 2007).

24. 52 Tex.Sup.Ct.J. 653 (May 1, 2009).

25. 283 S.W.3d 336 (Tex.2009).

26. *Id.* at 340.

27. *Id.* at 339–340, 344–347.

ed in a timely filed statement of appellate points.[28]

The present case differs from *J.O.A.* in that it is unclear whether Williams was represented by counsel in the fifteen days he had to file a statement of appellate points. Attorney Welch was appointed two days after the judgment was signed, but the record does not reflect whether he actually undertook to represent Williams or, as Watkins tells us, was allowed to withdraw. The Department insists that we must presume Welch represented Williams until Watkins was appointed, but the issue is immaterial. Whether Williams failed to file the statement required for appeal because he had no counsel or ineffective counsel, he is entitled under *J.O.A.* to complain on appeal of ineffective assistance.

The important difference between this case and *J.O.A.* is that a complaint of ineffective assistance of counsel is foreclosed by the trial court's denial of an appellate record as a consequence of Williams's failure to file a statement of points. We explained in *J.O.A.* that "[a]n ineffective assistance of counsel claim ... requires more than merely showing that appointed counsel was ineffective."[29] There must also be "a showing of a deficient performance by counsel so serious as to deny the defendant a fair and reliable trial."[30] To make this showing, Williams would be required to demonstrate that he could prevail on appeal on either of the two issues raised in his late-filed statement of points: that he was not allowed to call other witnesses, and that the evidence for termi-

nation was not clear and convincing. Without a reporter's record, it would be impossible to show that either issue has merit. The parent in *J.O.A.* was able to make the required showing because he had been provided a full record despite section 263.405(i).

Williams has not asserted ineffective assistance of counsel, but given that the assertion would fail as a matter of law without an appellate record, he need not do so to complain that section 263.405 has operated to deprive him of an appeal. In essence, Williams's complaint is that because a statement of points was not timely filed, despite his entitlement to effective representation by appointed counsel, the trial court determined that no issues could be raised on appeal, that any appeal would therefore be frivolous, and consequently, no record should be prepared. Importantly, the trial court did not determine that the issues raised in the late-filed statement of points were frivolous; the trial court determined only that the lateness of the filing made the appeal frivolous. Although Williams's argument is not cast as a complaint of ineffective assistance of counsel, the effect is the same. Like the parent in *J.O.A.*, Williams has been deprived of an appeal because of section 263.405(i). That deprivation is no less a denial of due process merely because it results indirectly from the lack of an appellate record.

▆ The Department argues that there can be no denial of due process when there is no constitutional right to an appeal.[31] But once appellate review is afforded, it cannot be unduly restricted. As the Unit-

28. *Id.*

29. *Id.* at 344.

30. *Id.* at 342, 344 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

31. *Sultan v. Mathew*, 178 S.W.3d 747, 752 (Tex.2005) ("Under the Texas Constitution,

the courts of appeals have jurisdiction over 'all cases of which the District Courts or County Courts have original or appellate jurisdiction, *under such restrictions and regulations as may be prescribed by law.*' [TEX. CONST. art. V, § 6.] As we stated in *Seale v. McCallum*, 116 Tex. 662, 287 S.W. 45, 47 (1926), 'the principle is fixed that the Legislature has the power to limit the right of ap-

ed States Supreme Court has reiterated: " 'This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts.' " [32] Whether section 263.405's requirements pose an impermissible impediment to appeal in this case depends on three factors: "the private interests affected by the proceeding; the risk of error created by the State's chosen procedure; and the countervailing governmental interest supporting use of the challenged procedure". [33]

The Department acknowledges that the private interests affected in a parental rights termination case are of the highest order. As the Supreme Court has said, natural parents have a "fundamental liberty interest ... in the care, custody, and management of their child [which] does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." [34] We have said that "termination cases implicate fundamental liberties" [35] and that "a parent's interest in maintaining custody of and raising his or her child is paramount". [36]

The Department argues that the risk of error created by section 263.405 is small and it does not often occur. An inability to file a statement of appellate points by the statutory deadline has been an issue in only a few cases since the statute was enacted in 2001 [37] and paragraph (i) added in 2005. [38] But frequency is not the only measure of risk; the magnitude of harm must also be considered, [39] and the harm in losing all right to an appeal by missing a deadline by a few days is potentially severe. Also, in considering whether section 263.405 has worked a denial of due process as applied to Williams, we ignore the almost nonexistent risk of harm to the Department. In circumstances like those in this case, the risk that an appeal will be improperly denied is much greater. Indeed, this is the second case of its kind to be decided by this Court in a year. The risk of error posed by section 263.405 in cases in which an indigent parent is represented by counsel appointed after trial is significant.

Finally, the Department argues that section 263.405 serves the important state interest of bringing finality to parental rights termination proceedings, keeping foster care from being unnecessarily pro-

peal...' "); *id.* at 752 n. 6 ("[W]e also note that the United States Constitution does not guarantee the right to an appeal.").

**32.** *M.L.B. v. S.L.J.*, 519 U.S. 102, 111, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (quoting *Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966)).

**33.** *Santosky v. Kramer*, 455 U.S. 745, 754, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27–31, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), and *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)); *see In re M.S.*, 115 S.W.3d 534, 547 (Tex.2003).

**34.** *Santosky*, 455 U.S. at 753–754, 102 S.Ct. 1388; *see Holick v. Smith*, 685 S.W.2d 18, 20

(Tex.1985) ("The natural right existing between parents and their children is of constitutional dimensions.").

**35.** *In re B.L.D.*, 113 S.W.3d 340, 351–352 (Tex.2003).

**36.** *In re M.S.*, 115 S.W.3d at 547.

**37.** Act of May 22, 2001, 77th Leg. R.S., ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2397–2398.

**38.** Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, 332.

**39.** *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 23 (Tex.1994).

longed, and providing stability and certainty to families and children. We do not question the State's interest in avoiding delay in these proceedings, but that interest must be viewed in context. Section 263.401 allows a year for trial, plus an additional 180 days in extraordinary circumstances.[40] Williams's case was tried and adjudicated in the eighteenth month after it was filed. Section 263.405(d) allows the trial court thirty days to hold a hearing to determine whether an appeal would be frivolous, and section 263.405(f) allows sixty days for filing the appellate record. An inflexible fifteen-day deadline for filing a statement of appellate points is not essential to achieve expedition. But more to the point, the unavailability of a record to show whether an indigent parent was denied effective assistance of counsel and precluded from appeal without regard to the merits of his arguments serves no legitimate interest we can see.

This does not mean that a reporter's record must be prepared in every parental rights termination case involving an indigent parent. If a trial court determines in a section 263.405(d) hearing that an appeal on the issues attempted to be raised by the parent would be frivolous, review is limited to the record of that hearing.[41] Here, the trial court determined that Williams had presented no substantial question for appellate review, not because the issues in his statement of points challenging the sufficiency of the evidence and exclusion of witnesses were frivolous, but because the statement was not timely filed. The judge who presided at the section 263.405(d) hearing was not the judge who presided over the trial and may thus have been reluctant to assess the evidence at trial, which Williams's issues challenged. A reporter's record is necessary in this case because we have set aside the trial court's finding that Williams presented no substantial question for appellate review.

## III

Having concluded that section 263.405, as applied to Williams, deprived him of due process, we must determine an appropriate disposition. The trial court determined that Williams had presented no substantial question for appellate review only because his statement of points was late-filed. Because we have concluded that the late filing should not impede his appeal, a complete appellate record should be prepared, and the court of appeals should consider the issues raised in his statement of points as if it had been timely filed. We see no need to remand the case to the trial court, and in the interest of avoiding further delay, we do not do so. When the record has been prepared, the court of appeals can set an appropriate briefing schedule.

Accordingly, we reverse the judgment of the court of appeals and remand the case to that court.

Justice LEHRMANN did not participate in the decision.

---

40. Tex. Fam.Code § 263.401.

41. Tex. Fam.Code § 263.405(g) ("The appellant may appeal the court's order denying the appellant's claim of indigence or the court's finding that the appeal is frivolous by filing with the appellate court the reporter's record and clerk's record of the hearing held under this section, both of which shall be provided without advance payment, not later than the 10th day after the date the court makes the decision. The appellate court shall review the records and may require the parties to file appellate briefs on the issues presented, but may not hear oral argument on the issues. The appellate court shall render appropriate orders after reviewing the records and appellate briefs, if any.")