# NO. 12-09-00282-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE 307TH* |
| *OF K.H.O.T.T.,* | § | *JUDICIAL DISTRICT COURT OF* |
| *A CHILD* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This is an accelerated appeal from the trial court's order terminating Appellant's parental rights. In her sole issue, Appellant contends that Texas Family Code Section 263.405 denies constitutionally guaranteed due process of law to indigent parents who are appointed new counsel on appeal. We affirm.

### BACKGROUND

Appellant is the mother of K.H.O.T.T., who has been of concern to the Texas Department of Family and Protective Services since her birth in 2005. In August 2008, the Department filed its original petition to terminate Appellant's parental rights. Appointed counsel represented Appellant at the July 20, 2009 termination hearing. However, the trial court signed an order appointing new counsel on July 28, 2009, to handle the appeal. The order of termination was signed by the trial court on August 3, 2009. On August 11, appellate counsel filed a motion for transcription of trial testimony, a statement of points for appeal, a notice of appeal, and a motion for new trial. Included in the statement of points for appeal are three sufficiency complaints and the assertion that Texas Family Code Section 263.405(i) is unconstitutional as applied to indigent parents who have different appointed counsel for trial and appeal. A hearing was held September 3, 2009, and the trial court found Appellant to be indigent, denied the motion for new trial, and found the appeal to be frivolous. At that hearing, appellate counsel said

he discussed the case with trial counsel. The trial court stated on the record that appellate counsel would have the opportunity to meet with the court reporter and review the tapes from the trial.

CONSTITUTIONALITY OF SECTION 263.405

In her sole issue, Appellant complains of Section 263.405 of the Texas Family Code, which sets out the statutory procedures governing a parent's appeal from a decree that terminates the parent-child relationship. She asserts that Section 263.405 denies due process of law to indigent parents who are appointed new counsel on appeal in violation of the Fourteenth Amendment of the United States Constitution. Compliance with the statute, she contends, forces appellate counsel to face the "impossible task" of formulating a statement of points required for appeal without a reporter's record of the trial. Obtaining a free reporter's record of the termination trial is contingent on a finding, based on the statement of points, that the appeal is not frivolous. Thus, she complains, the operation of Section 263.405 is circular because it prevents an indigent parent from obtaining a record until after the trial court rules on points that require a record to formulate and present. Therefore, she asserts, the operation of Section 263.405 can hinder an appellate attorney from preserving issues for appeal. Because there is a great risk that application of Section 263.405(b) and (i) will bar review of issues, her argument continues, Section 263.405(b) and (i), when read together, deprive the parent in termination cases of procedural due process.

**Applicable Law**

Section 263.405 of the Texas Family Code applies to appeals from final orders rendered in parental rights termination suits and imposes strict deadlines for the process. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon 2008).[1] A party intending to appeal a final order terminating parental rights must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal. *Id*. § 263.405(b). An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. *Id*. § 263.405(i). The trial court must hold a hearing not later than the thirtieth day after the date the final order is signed to determine whether a new trial should be granted, whether a party's claim of

---

[1] Section 263.405(b) was amended in 2007 and that amendment does not apply to this case. However, because the amendment does not affect our analysis or disposition, we cite to the current version of the statute to avoid confusion.

2

indigence should be sustained, and whether the appeal is frivolous as provided by Section 13.003(b) of the Texas Civil Practice and Remedies Code. *Id*. § 263.405(d). The test for determining if a party is indigent and therefore entitled to a free record is set forth in civil practice and remedies code section 13.003 and requires, among other things, a finding that the appeal is not frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a) (Vernon 2002). Therefore, the determination by the trial court that the appeal of the order of termination of parental rights is frivolous has the consequence of denying the indigent parent the right to a free clerk's record and reporter's record of the underlying trial. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(a)(2)(A). If a trial court determines in a Section 263.405(d) hearing that an appeal on the issues attempted to be raised by the parent would be frivolous, review is limited to the record of that hearing. *In re B.G.*, No. 07-0960, 2010 Tex. LEXIS 477, at *21 (Tex. July 2, 2010).

## Discussion

Appellant asserts that the operation of Section 263.405 is circular. She complains that an indigent parent cannot obtain a free record until the trial court finds her appeal is not frivolous, a finding made after reviewing her points for appeal that require assessment of the record to formulate. Here, appellate counsel was appointed before the termination order was signed, and appellate counsel said he had discussed the case with trial counsel. Appellate counsel timely filed a statement of points for appeal asserting four points. At the close of the Section 263.405(d) frivolousness hearing, the trial court ordered that appellate counsel have the opportunity to meet with the court reporter and review the tapes from the trial. Thus, Appellant had access to the record before her appellate brief was filed. Yet, not only has Appellant not raised three of the issues included in her statement of points, but she has raised no issues that were not included in her statement of points. Appellant does not indicate how she personally was harmed by application of Section 263.405. That is, even though she had access to the record, she does not suggest any appellate issue that she was prevented from raising as a result of Section 263.405 and does not show how any constitutional violation resulted in an improper judgment. *See In re D.J.R.*, No. 08-07-00354-CV, 2010 Tex. App. LEXIS 42, at *12 (Tex. App.–El Paso Jan. 6, 2010, pet. denied); *In re J.J.*, No. 02-06-333-CV, 2008 Tex. App. LEXIS 1714, at *1 (Tex. App.–Fort Worth Mar. 6, 2008, pet. denied).

We must avoid constitutional decisions until the issues are presented with clarity, precision, and certainty. *See Rescue Army v. Mun. Court*, 331 U.S. 549, 576, 67 S. Ct.

1409, 1423, 91 L. Ed. 1666 (1947). Thus, we cannot decide abstract, hypothetical, or contingent questions. The subject matter jurisdiction of courts rests, in part, on the ripeness of the issues. *Patterson v. Planned Parenthood of Houston and Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Ripeness is one of several categories of justiciability. *See Perry v. Del Rio*, 66 S.W.3d 239, 249 (Tex. 2001). Justiciability requires a concrete injury, a requirement based on the judicial prohibition against issuing advisory opinions. *See Patterson*, 971 S.W.2d at 442-43.

In some cases, upon studying the record of the trial court proceedings, an appellate attorney might uncover additional issues not previously raised that he would want to present for appellate review. However, we cannot declare a statute invalid based on a hypothetical possibility that the law may be unreasonable. *See United States v. Coastal Ref. and Mktg., Inc.*, 911 F.2d 1036, 1044 (5th Cir. 1990). Here, Appellant had access to the record on appeal and yet did not brief any issues she was unable to raise in the trial court due to unavailability of the record at the time her statement of points was due. Appellant's sole complaint on appeal is hypothetical rather than definite and concrete. We overrule Appellant's sole issue.

## DISPOSITION

Because Appellant's sole issue is not ripe for review, we *affirm* the trial court's order of termination.

**SAM GRIFFITH**
Justice

Opinion delivered August 11, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

4