NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-09-00282-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

IN THE INTEREST                                          '     APPEAL
FROM THE 307TH

 

OF K.H.O.T.T.,                                                   '     JUDICIAL
DISTRICT COURT OF

 

A CHILD                                                             '     GREGG COUNTY,
TEXAS

 





MEMORANDUM
OPINION

            This is an accelerated appeal from the trial court’s order
terminating Appellant’s parental rights.  In her sole issue, Appellant contends
that Texas Family Code Section 263.405 denies constitutionally guaranteed due
process of law to indigent parents who are appointed new counsel on appeal.  We
affirm.

 

Background

            Appellant
is the mother of K.H.O.T.T., who has been of concern to the Texas Department of
Family and Protective Services since her birth in 2005.  In August 2008, the
Department filed its original petition to terminate Appellant’s parental
rights.  Appointed counsel represented Appellant at the July 20, 2009
termination hearing.  However, the trial court signed an order appointing new
counsel on July 28, 2009, to handle the appeal.  The order of termination was
signed by the trial court on August 3, 2009.  On August 11, appellate counsel
filed a motion for transcription of trial testimony, a statement of points for
appeal, a notice of appeal, and a motion for new trial.  Included in the
statement of points for appeal are three sufficiency complaints and the
assertion that Texas Family Code Section 263.405(i) is unconstitutional as
applied to indigent parents who have different appointed counsel for trial and
appeal.  A hearing was held September 3, 2009, and the trial court found
Appellant to be indigent, denied the motion for new trial, and found the appeal
to be frivolous.  At that hearing, appellate counsel said he discussed the case
with trial counsel.  The trial court stated on the record that appellate counsel
would have the opportunity to meet with the court reporter and review the tapes
from the trial.

 

Constitutionality of Section 263.405

            In
her sole issue, Appellant complains of Section 263.405 of the Texas Family
Code, which sets out the statutory procedures governing a parent’s appeal from
a decree that terminates the parent-child relationship.  She asserts that
Section 263.405 denies due process of law to indigent parents who are appointed
new counsel on appeal in violation of the Fourteenth Amendment of the United
States Constitution.  Compliance with the statute, she contends, forces
appellate counsel to face the “impossible task” of formulating a statement of
points required for appeal without a reporter’s record of the trial.  Obtaining
a free reporter’s record of the termination trial is contingent on a finding,
based on the statement of points, that the appeal is not frivolous.  Thus, she
complains, the operation of Section 263.405 is circular because it prevents an
indigent parent from obtaining a record until after the trial court rules on
points that require a record to formulate and present.  Therefore, she asserts,
the operation of Section 263.405 can hinder an appellate attorney from
preserving issues for appeal.  Because there is a great risk that application
of Section 263.405(b) and (i) will bar review of issues, her argument
continues, Section 263.405(b) and (i), when read together, deprive the parent
in termination cases of procedural due process.

Applicable Law

            Section
263.405 of the Texas Family Code applies to appeals from final orders rendered
in parental rights termination suits and imposes strict deadlines for the
process.  See Tex. Fam. Code Ann.
§ 263.405 (Vernon 2008).[1] 
A party intending to appeal a final order terminating parental rights must file
with the trial court, no later than fifteen days after the final order is
signed, a statement of points on which the party intends to appeal.  Id.
§ 263.405(b).  An appellate court may not consider any issue that was not
specifically presented to the trial court in a timely filed statement of
points.  Id. §
263.405(i).  The trial court must hold a hearing not later than the thirtieth
day after the date the final order is signed to determine whether a new trial
should be granted, whether a party’s claim of indigence should be sustained,
and whether the appeal is frivolous as provided by Section 13.003(b) of the Texas
Civil Practice and Remedies Code.  Id. § 263.405(d).  The test for determining if a party is
indigent and therefore entitled to a free record is set forth in civil practice
and remedies code section 13.003 and requires, among other things, a finding
that the appeal is not frivolous.  See Tex.
Civ. Prac. & Rem. Code Ann. § 13.003(a) (Vernon 2002).  Therefore,
the determination by the trial court that the appeal of the order of
termination of parental rights is frivolous has the consequence of denying the
indigent parent the right to a free clerk’s record and reporter’s record of the
underlying trial.  See Tex. Civ.
Prac. & Rem. Code Ann. § 13.003(a)(2)(A).  If a trial court
determines in a Section 263.405(d) hearing that an appeal on the issues
attempted to be raised by the parent would be frivolous, review is limited to
the record of that hearing.  In re B.G., No. 07-0960, 2010 Tex.
LEXIS 477, at *21 (Tex. July 2, 2010).

Discussion

            Appellant
asserts that the operation of Section 263.405 is circular.  She complains that
an indigent parent cannot obtain a free record until the trial court finds her
appeal is not frivolous, a finding made after reviewing her points for appeal that
require assessment of the record to formulate.  Here, appellate counsel was
appointed before the termination order was signed, and appellate counsel said
he had discussed the case with trial counsel.  Appellate counsel timely filed a
statement of points for appeal asserting four points.  At the close of the
Section 263.405(d) frivolousness hearing, the trial court ordered that
appellate counsel have the opportunity to meet with the court reporter and
review the tapes from the trial.  Thus, Appellant had access to the record
before her appellate brief was filed.  Yet, not only has Appellant not raised
three of the issues included in her statement of points, but she has raised no
issues that were not included in her statement of points.  Appellant does not
indicate how she personally was harmed by application of Section 263.405.  That
is, even though she had access to the record, she does not suggest any
appellate issue that she was prevented from raising as a result of Section
263.405 and does not show how any constitutional violation resulted in an
improper judgment.  See In re D.J.R., No. 08-07-00354-CV, 2010
Tex. App. LEXIS 42, at *12 (Tex. App.–El Paso Jan. 6, 2010, pet. denied); In
re J.J., No. 02-06-333-CV, 2008 Tex. App. LEXIS 1714, at *1 (Tex. App.–Fort
Worth Mar. 6, 2008, pet. denied). 

            We
must avoid constitutional decisions until the issues are presented with
clarity, precision, and certainty.  See Rescue Army v. Mun. Court,
331 U.S. 549, 576, 67 S. Ct. 1409, 1423, 91 L. Ed. 1666 (1947).  Thus, we
cannot decide abstract, hypothetical, or contingent questions.  The subject
matter jurisdiction of courts rests, in part, on the ripeness of the issues.  Patterson
v. Planned Parenthood of Houston and Se. Tex., Inc., 971 S.W.2d 439,
442 (Tex. 1998).  Ripeness is one of several categories of justiciability.  See
Perry v. Del Rio, 66 S.W.3d 239, 249 (Tex. 2001).  Justiciability
requires a concrete injury, a requirement based on the judicial prohibition
against issuing advisory opinions.  See Patterson, 971 S.W.2d at
442-43.  

            In
some cases, upon studying the record of the trial court proceedings, an
appellate attorney might uncover additional issues not previously raised that
he would want to present for appellate review.  However, we cannot declare a
statute invalid based on a hypothetical possibility that the law may be
unreasonable.  See United States v. Coastal Ref. and Mktg., Inc.,
911 F.2d 1036, 1044 (5th Cir. 1990).  Here, Appellant had access to the record
on appeal and yet did not brief any issues she was unable to raise in the trial
court due to unavailability of the record at the time her statement of points
was due.  Appellant’s sole complaint on appeal is hypothetical rather than definite
and concrete.  We overrule Appellant’s sole issue.

 

Disposition

            Because Appellant’s
sole issue is not ripe for review, we affirm the trial court’s
order of termination.

 

                                                                                                SAM
GRIFFITH    

                                                                                                         
Justice

 

 

Opinion delivered August 11, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

(PUBLISH)









                [1] Section 263.405(b) was amended
in 2007 and that amendment does not apply to this case.  However, because the
amendment does not affect our analysis or disposition, we cite to the current
version of the statute to avoid confusion.