# NO. 12-09-00332-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 369TH* |
| *E.E.G. AND K.H.,* | § | *JUDICIAL DISTRICT COURT* |
| *MINOR CHILDREN* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

M.H., S.G., and R.G. appeal the trial court's final order in a conservatorship and termination proceeding brought by the Texas Department of Family and Protective Services (DFPS). In two issues, they complain that the parties' Rule 11 agreement should not have been set aside and the trial court erred in modifying S.G.'s conservatorship rights. We affirm.

## BACKGROUND

DFPS sought to terminate the parental rights of E.E.G.'s and K.H.'s parents. Appellants, grandparents of the children, intervened, seeking conservatorship rights. After a jury trial, the court entered an order terminating the rights of the parents, ordering that the grandparents have no rights, duties, or privileges in any capacity as conservators, and naming the children's foster mother sole managing conservator.

## APPELLATE REVIEW OF TERMINATION ORDERS

Section 263.405 of the Texas Family Code applies to appeals from final orders rendered in parental rights termination suits and dictates specific requirements for the process. *See* TEX. FAM. CODE ANN. § 263.405 (Vernon 2008). A party intending to appeal a final order terminating parental rights must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal. *Id*. § 263.405(b). The

statement may be filed separately or may be combined with a motion for new trial. *Id*. § 263.405(b-1). The statute specifically provides that an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. *Id*. § 263.405(i); *In re B.G.*, No. 07-0960, 2010 Tex. LEXIS 477, at *2-3 (Tex. July 2, 2010).

The final order in this case was signed September 29, 2009. The record contains no evidence that Appellants filed a statement of points separately or in a motion for new trial. Accordingly, we cannot consider the issues Appellants have raised on appeal. *See* TEX. FAM. CODE ANN. § 263.405(i).

## DISPOSITION

Because we cannot consider the issues Appellants have raised on appeal, we *affirm* the trial court's order of termination.

**BRIAN HOYLE**
Justice

Opinion delivered September 1, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)