# NO. 12-10-00024-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF* | § | *APPEAL FROM THE* |
| *E.G.S.,* | § | *COUNTY COURT AT LAW* |
| *A CHILD* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

V.S. appeals the trial court's final order in a termination proceeding brought by the Texas Department of Family and Protective Services (DFPS). In his sole issue, he complains the trial court erroneously denied his motion for mistrial. We affirm.

## BACKGROUND

E.G.S. was born on August 9, 2006. On August 22, 2006, DFPS filed its petition for protection of E.G.S., for conservatorship, and for termination of the parental rights of E.G.S.'s parents. E.G.S. was placed in foster care where she remained until December 19, 2008. She stayed with her father, V.S., from that date until January 23, 2009, when she was removed from his home by DFPS. E.G.S.'s mother, J.W., voluntarily relinquished her parental rights in September 2009. The issue of V.S.'s parental rights was tried before a jury, which found that his rights should be terminated. Appellate counsel was appointed the day after the trial. The trial court signed the final order of termination a month later, and V.S., through appellate counsel, timely filed a motion for new trial and statement of points on appeal. The trial court denied the motion, but found that the appeal is not frivolous.

## APPELLATE REVIEW OF TERMINATION ORDERS

1

In his sole issue, V.S. contends the trial court abused its discretion in overruling his objection and motion for new trial on the ground that DFPS and the attorney ad litem improperly aligned themselves against him.  He asserts that they coordinated their peremptory challenges to venire members to avoid double strikes, effectively giving them twice as many strikes as he had, and resulting in a materially unfair trial.

## Applicable Law

Section 263.405 of the Texas Family Code applies to appeals from final orders rendered in parental rights termination suits and dictates specific requirements for the process.  *See* TEX. FAM. CODE ANN. § 263.405 (Vernon 2008).  A party intending to appeal a final order terminating parental rights must file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the party intends to appeal.  *Id*. § 263.405(b).  The statement may be filed separately or may be combined with a motion for new trial.  *Id*. § 263.405(b-1).  The statute specifically provides that an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. *Id*. § 263.405(i); *In re B.G.*, 317 S.W.3d 250, 252 (Tex. 2010).  Exceptions to this rule have been made only for claims of ineffective assistance of counsel and certain constitutional complaints. *See In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009); *In re D.W.*, 249 S.W.3d 625, 632 (Tex. App.–Fort Worth 2008, pet. denied).

## Analysis

After voir dire, challenges for cause were made, the jury was sworn in, and the trial court gave instructions before recessing.  During the recess, V.S. brought it to the court's attention that DFPS and the attorney ad litem apparently collaborated, selecting strikes together.  He asserted that their collaboration had put him at a disadvantage and moved for a mistrial.  The court verified that there was collaboration, but denied V.S.'s motion.  After the lunch recess, V.S. made a second motion for mistrial because he learned that the guardian ad litem was in the room with DFPS and the attorney ad litem when they were determining which jurors to strike.  He again argued that it was disadvantageous to him.  The court overruled the motion.

V.S. timely filed a motion for new trial and statement of points on appeal on January 22, 2010, listing seventeen points.  None of those points complain that the trial court abused its discretion in overruling his objection to DFPS's and the attorney ad litem's having aligned themselves to coordinate their peremptory strikes to avoid double strikes, resulting in a

2

materially unfair trial. Nor is there a point complaining of the trial court's denial of V.S.'s motion for mistrial on that basis. On the same day he filed his brief in this court, June 4, 2010, V.S. filed an "Amended Statement of Points on Appeal" in this court, stating one point:

> The Trial Court abused its discretion in overruling Appellant's objection, and Motion for New Trial, to the Appellee and the Attorney Ad Litem aligning themselves against Appellant and coordinating their peremptory challenges as to avoid double strikes, resulting in a materially unfair trial.

As explained above, the family code gives a party fifteen days after the termination order is signed to file his statement of points and specifies that it is to be filed in the trial court. *See* TEX. FAM. CODE ANN. § 263.405(b). Section 263.405 does not address whether that deadline can be extended, whether a party's timely filed statement of points may be amended later, or whether an amendment can be filed in the appellate court. V.S. has provided no explanation for failing to include this point in his original statement of points on appeal and thus has not shown good cause for the omission. *See **In re M.N.***, 262 S.W.3d 799, 804 (Tex. 2008) (holding that trial court can grant motion to enlarge the time for filing a statement of points if good cause is shown for failing to timely file it). Further, amendment at the appellate level results in review of a point not considered by the trial court as contemplated by Section 263.405(d). *See* TEX. FAM. CODE ANN. § 263.405(d). V.S. has not provided us with authority for amending a statement of points outside the fifteen day time period, in this case four months later, or for filing an amendment in the court of appeals. In the absence of some authority, we cannot say that V.S.'s amendment acts retroactively to satisfy the requirements of Section 263.405.

Three months after filing his brief and amended statement of points in this court, V.S. filed a reply brief arguing that his point fourteen in his original statement of points on appeal encompasses the issue he raises on appeal, preserving it for appellate review. Based on the record of the proceedings in the trial court, we disagree.

Point fourteen in V.S.'s original statement of points states: "The Trial Court abused its discretion in denying Appellant's Motion to equalize the number of peremptory challenges." When complaining about DFPS's collaboration with the ad litem, V.S. did not move to equalize the number of peremptory challenges, perhaps because the jury had already been sworn. Instead, he moved for a mistrial. We conclude that V.S.'s point fourteen does not refer to the subject of his sole issue on appeal and does not preserve error for his current complaint. Because V.S. did

3

not include his sole issue on appeal in his timely filed statement of points as required by the family code, we cannot consider his issue. *See* TEX. FAM. CODE ANN. § 263.405(i).

Moreover, assuming preservation of the complaint, and assuming that the trial court abused its discretion in overruling V.S.'s objection and motion for new trial on the ground that DFPS and the ad litem improperly coordinated their peremptory challenges, V.S. would be required to show that he was harmed thereby. *See In re M.N.G.*, 147 S.W.3d 521, 533 (Tex. App.–Fort Worth 2004, pet. denied). V.S. would be entitled to reversal if he could show that the trial was materially unfair. *Id*. In doing a harm analysis, the appellate court examines the entire trial record to determine if the trial was hotly contested and the evidence sharply conflicting, resulting in a materially unfair trial. *Id*.

A review of the entire record in this case shows that the evidence presented at trial was not sharply conflicting. DFPS witnesses agreed that V.S. attempted to comply with its requirements from the time he got out of prison in the spring of 2008 until E.G.S. was placed in his home in December 2008. However, it was determined in January 2009 that V.S. was using drugs, leaving E.G.S. in the care of an individual who had not been approved by DFPS, and not providing a safe environment for her. After living with V.S. for thirty-three days, E.G.S. was removed from his home.

The evidence shows that V.S. does not have a stable home and, at the time of trial, was living in a motel known for drug activity and prostitution. He has neither transportation nor a steady job, and cannot provide a safe environment for a child. Furthermore, he refused drug testing, would not return his case worker's phone calls, and would not participate in his service plan with DFPS. As of the time of trial, he had not seen E.G.S. for eleven months and had refused to take the steps necessary to do so. V.S. admitted that DFPS had not done anything wrong and that he had. The evidence does not indicate that V.S. received an unfair trial.

A review of voir dire also does not indicate that V.S. was prejudiced by the selection of any of the jurors on the panel. None of the jurors selected even arguably hinted at partiality or bias. Nothing in the voir dire indicates that the failure to apportion strikes among the parties resulted in a materially unfair trial that caused the rendition of an improper judgment.

## DISPOSITION

4

We overrule as moot DFPS's motion to strike V.S.'s amended statement of points on appeal.  Because we cannot consider the issue V.S. raises on appeal, we ***affirm*** the trial court's order of termination.


**BRIAN HOYLE**
Justice


Opinion delivered December 22, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)