IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00452-CV

No. 10-10-00453-CV

No. 10-10-00454-CV

 

In
the Interest of

L.A.M.,
Jr., J.L.L., W.H., J.M.L. and A.A.L., Children,

 

 

 



From the 12th District
Court

Madison County, Texas

Trial Court Nos. 09-11990-012-09,
09-11991-278-09 and 09-11992-012-09

 



ORDER



 

Maurice L. is the biological father of
J.M.L. and was also the permanent managing conservator of L.A.M., Jr., J.L.L.,
W.H., and A.A.L.  The Texas Department of Family and Protective Services filed
three suits for protection of the children, and the cases were tried to one
jury.  Based upon the jury verdict, the trial court entered a final order
terminating Maurice’s parental rights to J.M.L. and naming the Department as
permanent managing conservator of all the children.[1]

            Maurice filed a motion for
new trial and a statement of points or issues to be presented on appeal as
required by Tex. Fam. Code Ann. §
263.405 (b) (West 2008).  The trial court held a hearing and found each point
to be frivolous.  The trial court did not allow Maurice a copy of the complete
reporter’s record.

            In each cause number,
Maurice argues in his third issue that he is entitled to a full record on
appeal based upon his claim of ineffective assistance of counsel.  Maurice
raised his ineffective assistance claim in his statement of points on appeal. 
An indigent parent is entitled to a full record on appeal when raising an
ineffective assistance of counsel claim, even when the claim is not raised in
the statement of appellate points.  See In re B.G., 317 S.W.3d 250 (Tex.
2010).  A claim of ineffective assistance cannot be adequately presented in the
absence of a full record and an indigent parent would be denied due process
without a full reporter’s record.  See In re B.G., 317 S.W.3d at
256-7.  We sustain Maurice’s third issue on appeal.  We need not address
Maurice’s remaining issues on appeal.  Tex.
R. App. P. 47.1.

            We order the court reporter
in this case to prepare a full record from the trial, and we further order the
parties to proceed to file new briefs once the record is filed.

 

 

                                                                                    PER
CURIAM

 

Before
Chief Justice Gray, 

            Justice
Davis, and

            Justice
Scoggins

Order
issued and filed July 6, 2011

Publish








 









[1] Maurice is the only party to this
appeal.








:200%;font-family:
"CG Times";color:black'>In addition to applying the 1704.153 eligibility
requirement to individuals applying to act as a licensed bail bondsperson, the
Board applies this requirement to individuals seeking to act as agents
of a licensed bail bondsperson.  Johnson County Bail Bond Board Local Rule 10.1
defines “agent” as:  “any person hired by a licensee who meets and negotiates
with the public for the purpose of selling bail bonds, and presents bonds to
the Sheriff’s Office for approval.”  Further, Rule 10.1 states:  “To qualify
for a license as an agent, an applicant must show that he/she meets all
requirements of the Act and these Rules ....”

        Each county bail bond board has the authority to exercise
the powers incidental or necessary to implement the Bail Bond Act.  Tex. Occ. Code Ann. § 1704.101 (Vernon 2004).  Although
a board cannot impose additional requirements on individuals who seek to obtain
a license as a bail bond surety or as an agent for a corporate
surety, it is appropriate, in furtherance of the Act, to impose
eligibility requirements for agents or employees of licensed bail bondspersons
because requirements for these individuals do not exist in the Act.  Dallas
County Bail Bond Bd. v. Stein, 771 S.W.2d 577, 580 (Tex. App.—Dallas 1989, writ denied).  

The Board’s definition of “agent,” the requirement for agents to
obtain a license, and the prohibition against felons obtaining an agent’s license
are similar to the rules adopted by the Dallas County Bail Bond Board.  In reviewing
the Dallas rules, the Dallas Court of Appeals found the Dallas Bail Bond Board did not exceed its
rulemaking authority in implementing rules governing agents.  Id.  The court stated:  “the Board merely
foreclosed the possibility that an individual who is ineligible for a license
under the Act could circumvent this requirement by operating a bonding business
as an agent of a licensee.”  Id.  Likewise, we find the Johnson County
Bail Bond Board did not exceed its rulemaking authority and did not violate section
1704.153 of the Bail Bond Act by implementing rules governing agents of
licensed bail bondspersons.

We are also persuaded by the Board’s arguments
as they relate to Section 1704.302.  Nothing in this section sets forth
eligibility requirements to obtain a license under the Bail Bond Act.  Subsections
1704.302(b) and (c) act solely to prohibit individuals, other than employees or
agents, from receiving compensation for referring business to a licensed bail bondsperson
and to prohibit individuals from obtaining employment with a licensed bail bondsperson
for a period of ten years after a felony conviction.  Smith misinterprets the statute
in arguing that subsections 1704.302(b) and (c) modify the eligibility requirements
found in section 1704.153.  Where language in a statute is unambiguous, a
reviewing court must rely on the plain and common meaning of the statute.  See
St. Luke’s Episcopal Hosp. v. Abgor, 952 S.W.2d 503, 505 (Tex. 1997).  The
clear wording of this statute indicates section 1704.302 does not apply to the
licensing of agents.  Therefore, we overrule Smith’s first issue. 
Because of our disposition of Smith’s first issue we need not address his
second issue concerning the denial of his motion for partial summary judgment.

GRANDFATHER CLAUSE

          Because we have determined that Texas Occupations Code subsections
1704.302(b) and (c) do not apply in this case, it is irrelevant whether these
provisions operate as a grandfather clause, and we need not rule on issues
three and four.

EQUAL PROTECTION CLAUSE

          Finally, Smith
argues that Johnson Bail Bond Board Local Rule 10.1 violates his right to equal
protection under the Fourteenth Amendment.  U.S. Const. Amend. XIV.  However, the Fort Worth Court of Appeals has previously addressed this issue in a case involving Smith
and an identical rule of a bail bond board.  Smith v. Wise County Bail Bond Bd., No. 02-00-00318-CV
(Tex. App.—Fort Worth July 12, 2001, no pet. h.).  We agree with that
analysis and hold that Rule 10.1 does not violate Smith’s Fourteenth Amendment
right to equal protection.




CONCLUSION

          Having overruled Appellant’s issues, we affirm the
judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed December 14, 2005

[CV06]