**DARLENE BYRNE**
Judge
(512) 854-9313

**KATY GALLAGHER-PARKER**
Staff Attorney
(512) 854-4915

**RENE SALINAS**
Official Court Reporter
(512) 854-9870

**APRIL MORTON**
Judicial Aide
(512) 854-5965

**KELLY DAVIS**
Court Clerk
(512) 854-5853

**MEANETTE SALGADO**
Official Court Reporter
(512) 854-7848

# 126TH DISTRICT COURT

TRAVIS COUNTY COURTHOUSE
P. O. BOX 1748
AUSTIN, TEXAS 78767
FAX: (512) 854-9780

April 19, 2016

To:
The Supreme Court of Texas
PO Box 12248
Austin, Texas 78711
*(Via Regular U.S. Mail)*

Robert Galvin
812 San Antonio Street, Suite 304
Austin, Texas 78701
*(Via Electronic Mail to: rob@galvinlaw.com)*

Cc:    C       F    (via Electronic Mail to _____)
Scott Taliaferro (via Electronic Mail to: Scott.Taliaferro@traviscountytx.gov)

Re:    *C.S.F., Petitioner, v. Texas Department of Family and Protective Services.*
*Texas Supreme Court Cause No. 15-0546*
*Texas Court of Appeals, Third District Cause No. 03-14-00597-CV*
*345th Judicial District Court of Travis County (Cause No. D-1-FM-13-002917)*

To the Supreme Court of Texas and Mr. Robert Galvin:

In response to the Supreme Court's Order dated April 1, 2016 (attached), please find a copy of:

(1)    The trial court's "Order Granting Motion for Withdrawal of Trial Counsel and for Appointment of Appellate Counsel", which named Mr. Robert Galvin as Counsel for Ms.        F in this case, effective September 15, 2014 for the purposes of handling any appellate matters on behalf of Ms. C     F     in connection with the lawsuit referenced above; and

(2)    The trial court's "Order Amending Appointment of Attorney".

The 126th District Court has copied Mr. Robert Galvin with this letter and attached Order. The Court now instructs Mr. Galvin that, if he believes his appointment on behalf of Ms. C     Fr    was fulfilled under Texas Family Code §107.016(2), he should immediately tender to this Court a    he S    eme Court of Texas a written statement explaining his position regarding the status of his appointment.

Please contact our office if you have any questions.

Respectfully,

Darlene Byrne
Judge, 126th District Court, Travis County, Texas

CAUSE NO. D-1-FM-13-002917

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURTS |
| | § | |
| | § | |
| | § | OF TRAVIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| A CHILD | § | 345TH JUDICIAL DISTRICT |
| | § | |

## ORDER AMENDING APPOINTMENT OF ATTORNEY

The Court, sua sponte, reviewed the "Order Granting Motion for Withdrawal of Trial Counsel and for Appointment of Appellate Counsel", which named Mr. Robert Galvin as Counsel for Ms. C    F    in this case, effective September 15, 2014 for the purposes of handling the appellate matters on behalf of Ms. C    F    in connection with this lawsuit. The Court also took judicial notice of the file and reviewed the Supreme Court Order dated April 1, 2016. The Court now finds that there is no court order in the file dismissing Mr. Robert Galvin as counsel for Ms. C    F    in this case. The Court finds, however, that in a letter dated July 24, 2015 the Court mistakenly informed Ms. F    that "Court records indicate all attorneys previously appointed to represent you through your appeal have been properly dismissed after the exhaustion and conclusion of all related matters." The Court finds that, while Mr. Galvin's appointment on behalf of Ms. F    may have actually expired under Texas Family Code §107.016(2), the termination of that attorney-client relationship does not appear to have been reflected in the Clerk's record prior to July 24, 2015 or any time since that date.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Court now amends the "Order Granting Motion for Withdrawal of Trial Counsel and for Appointment of Appellate Counsel", which named Mr. Robert Galvin as Counsel for Ms. C    F    in this case, effective September 15, 2014 for the purposes of handling any appellate matters on behalf of Ms. C    F    , to clarify as follows:

(1) IT IS ORDERED THAT the appointment of Mr. Robert Galvin as appellate counsel for C    F    shall continue in effect in accordance with Texas Family Code §107.016(2) until the earlier of:

a. the date all appeals in relation to any final order terminating parental rights are exhausted or waived; or

b. the date the attorney is relieved or the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record.

SIGNED on this ___19___ day of April, 2016.

DARLENE BYRNE
PRESIDING JUDGE

DC       BK14259 PG119

Filed In The District Court
of Travis County, Texas

SEP 15 2014

At _____ 4:30p M.
Amalia Rodriguez-Mendoza, Clerk

NO. <u>D-1-FM-13-002917</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURTS OF<br><br>TRAVIS COUNTY, TEXAS<br><br>345th JUDICIAL DISTRICT |
| A MINOR CHILD | | |

## ORDER GRANTING
## MOTION FOR WITHDRAWAL OF TRIAL COUNSEL AND
## FOR APPPOINTMENT OF APPELLATE COUNSEL

On the __15TH__ day of September, 2014, the above styled and numbered cause came on to be heard. After examining the evidence and hearing the argument of counsel, the Court finds that Movant's Motion for Withdrawal of Trial Counsel and for Appointment of Appellate Counsel should be GRANTED.

IT IS THEREFORE ORDRED AND DECREED that Tracy L. Harting, Attorney for the Respondent Mother, F      , be and hereby is discharged.

IT IS FURTHER ORDERED that __Robert Galvin__ Attorney & Counselor at Law, State Bar # __24010755__, __812 San Antonio, Suite 304, Austin, Texas 78701; 512-499-8678__, be and is hereby substituted as counsel for the Respondent Mother.

SIGNED this __15TH__ day of __SEPT.__, 2014

_____
District Judge Presiding
TIM SULAK

# IN THE SUPREME COURT OF TEXAS

No. 15-0546

C.S.F., PETITIONER

V.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

**ORDER**

This Court abated this case to consider whether petitioner C.S.F., a pro se indigent parent in a government-initiated parental rights termination suit, has a statutory right to appointed counsel to pursue a petition for review. These proceedings began with a report made after the child, then thirteen, was hospitalized with mental health issues. The Department of Family and Protective Services eventually placed the child in a residential treatment facility and sought termination of parental rights. The trial court terminated both parents' rights, but only C.S.F. appealed. The CA affirmed. Acting pro se, outside the time for filing a petition for review, C.S.F. filed several documents in this court, including a motion for extension of time and a hand-written indigency affidavit.

We concluded in *In re P.M.*, ____ S.W.3d ____ (Tex. 2016), that in government-initiated parental rights termination proceedings, the statutory right of indigent parents to counsel endures until all appeals are exhausted, including appellate proceedings in this Court. We conclude here that C.S.F. should have counsel to pursue whatever remedies she may have available in this Court. We have previously held, in another context, that the statutory right to counsel in parental-rights termination cases included, as a matter of due process, the right to effective counsel. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). And we have extended this holding to effective assistance of counsel in pursuing an appeal; procedural requirements, in some cases, may have to yield to constitutional guarantees of due process. *See In re J.O.A.*, 283 S.W.3d 336, 339, 347 (Tex. 2009) (though parents failed to file a timely statement of appellate points, due process required that parents nonetheless be allowed to complain on appeal of the ineffective assistance of counsel); *cf. In re. E.R.*, 385 S.W.3d 552, 567 (Tex. 2012) (citing *In re J.O.A.*, 283 S.W.3d at 339, 347); *In re B.G.*, 317 S.W.3d 250, 258 (Tex. 2010). Not every failure to preserve error or take timely action, however, will rise to level of ineffective assistance of counsel. *In re J.O.A.*, 283 S.W.3d at 343; *In re M.S.*, 115 S.W.3d at 549. We do not suggest what our ultimate ruling may be on any argument, procedural, substantive or jurisdictional. We conclude only that C.S.F. should be able to pursue any such argument with the assistance of new counsel. We therefore refer the case to the trial court for appointment of counsel to represent C.S.F in this Court. We direct the trial court to report the appointment to the Court within thirty days. The case remains abated until further order.

Opinion delivered: April 1, 2016

2