TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00290-CV






S. E., Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-FM-10-006277, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 S. E. appeals from the trial court's order terminating her parental rights to her minor
children, K. E. and S. A. E. See Tex. Fam. Code Ann. § 161.001 (West 2008). S. E. entered into
a signed "Rule 11 Agreement" with the Texas Department of Family and Protective Services (the
"Department"), under which she stipulated that she failed to complete her court-ordered service plan
and she acknowledged that there was sufficient evidence to terminate her parental rights. See id.
§ 161.001(1)(O); see also Tex. R. Civ. P. 11 (requiring agreement between parties to be in signed
writing filed as part of record "unless it be made in open court and entered of record"). In exchange,
the Department agreed not to seek to terminate S. E.'s parental rights "on endangerment grounds,"
to exercise its best efforts to have K. E. and S. A. E. adopted by their current foster parents, and to
exercise its best efforts to provide S. E. with a "good-bye visit with her children." In accordance
with this agreement, and based on S. E.'s and the Department's testimony at the hearing to terminate
S. E.'s parental rights, the trial court found by clear and convincing evidence that S. E. had failed
to complete her court-ordered service plan and that termination of S. E.'s parental rights was in her
children's best interests. See Tex. Fam. Code Ann. § 161.001(1)-(2).

 On appeal, S. E.'s court-appointed attorney has filed an Anders brief informing this
court that she has made a diligent review of the appellate record and can find no arguable grounds
to be advanced on appeal. See Anders v. California, 386 U.S. 738, 744 (1967). The brief meets the
requirements of Anders by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See Taylor v. Texas Dep't of Protective & Regulatory
Servs., 160 S.W.3d 641, 646-47 (Tex. App.--Austin 2005, pet. denied) (applying Anders procedure
in appeal from termination of parental rights). Counsel provided S. E. with a copy of the Anders
brief along with a notice advising S. E. of her right to examine the appellate record and to file a pro
se brief. S. E. filed a pro se brief with this Court.

 Upon reviewing an Anders brief, we must conduct a full examination of all of the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S. 75, 80
(1988). We have reviewed the entire record, the Anders brief submitted on S. E.'s behalf, and S. E.'s
pro se brief, and we have found nothing that would arguably support an appeal. (1) We agree that the
appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating
S. E.'s parental rights and grant counsel's motion to withdraw as attorney of record.


 __________________________________________

 Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: November 21, 2012
1. In her pro se brief, S. E. asserts that she received ineffective assistance of counsel because
her counsel should have opposed termination despite the Rule 11 Agreement. See In re B.G., 317
S.W.3d 250, 253-54 (Tex. 2010) (noting that parent has right to effective assistance of counsel in
proceeding to terminate parental rights); In re M.S., 115 S.W.3d 534, 545 (Tex. 2003) (adopting
Strickland v. Washington, 466 U.S. 668 (1984), standard for ineffective-assistance-of-counsel claim
in parental termination). None of S. E.'s alleged conversations with her counsel are contained in the
record before us, and thus, we cannot consider them on appeal. See Tex. R. App. P. 38.1(g) (requiring
that facts pertinent to appellate issues "must be supported by record references"); Carlisle v. Phillip
Morris, Inc., 805 S.W.2d 498, 501 (Tex. App.--Austin 1991, writ denied) (noting that materials
outside the record may not be considered on appeal). Furthermore, S. E.'s ineffective-assistance-of-counsel claim directly contradicts the plain language of the Rule 11 Agreement as well as S. E.'s
sworn testimony at trial, in which she asked the Department to make its "best efforts to pursue
adoption of the children in their current placement." Given that adoption necessarily required
termination of S. E.'s parental rights, we find that S. E.'s counsel was not deficient for failing to
contest the termination of her parental rights. In re M.S., 115 S.W.3d at 545 (noting that parent must
show counsel's performance was deficient). Finally, even if her counsel was deficient, the record
before us shows that S. E.'s parental rights would have been terminated regardless of her counsel's
performance, and thus S. E. has failed to show that she was prejudiced. See id. (noting that Strickland
also requires showing of prejudice for counsel to be found ineffective). Therefore, we conclude that
S. E.'s ineffective-assistance-of-counsel claim is frivolous.