# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-12-00290-CV

---

**S. E., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. D-1-FM-10-006277, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

S. E. appeals from the trial court's order terminating her parental rights to her minor children, K. E. and S. A. E. *See* Tex. Fam. Code Ann. § 161.001 (West 2008). S. E. entered into a signed "Rule 11 Agreement" with the Texas Department of Family and Protective Services (the "Department"), under which she stipulated that she failed to complete her court-ordered service plan and she acknowledged that there was sufficient evidence to terminate her parental rights. *See id.* § 161.001(1)(O); *see also* Tex. R. Civ. P. 11 (requiring agreement between parties to be in signed writing filed as part of record "unless it be made in open court and entered of record"). In exchange, the Department agreed not to seek to terminate S. E.'s parental rights "on endangerment grounds," to exercise its best efforts to have K. E. and S. A. E. adopted by their current foster parents, and to exercise its best efforts to provide S. E. with a "good-bye visit with her children." In accordance with this agreement, and based on S. E.'s and the Department's testimony at the hearing to terminate

S. E.'s parental rights, the trial court found by clear and convincing evidence that S. E. had failed to complete her court-ordered service plan and that termination of S. E.'s parental rights was in her children's best interests. *See* Tex. Fam. Code Ann. § 161.001(1)–(2).

On appeal, S. E.'s court-appointed attorney has filed an *Anders* brief informing this court that she has made a diligent review of the appellate record and can find no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel provided S. E. with a copy of the *Anders* brief along with a notice advising S. E. of her right to examine the appellate record and to file a pro se brief. S. E. filed a pro se brief with this Court.

Upon reviewing an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, the *Anders* brief submitted on S. E.'s behalf, and S. E.'s pro se brief, and we have found nothing that would arguably support an appeal.[1] We agree that the

---

[1] In her pro se brief, S. E. asserts that she received ineffective assistance of counsel because her counsel should have opposed termination despite the Rule 11 Agreement. *See In re B.G.*, 317 S.W.3d 250, 253–54 (Tex. 2010) (noting that parent has right to effective assistance of counsel in proceeding to terminate parental rights); *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003) (adopting *Strickland v. Washington*, 466 U.S. 668 (1984), standard for ineffective-assistance-of-counsel claim in parental termination). None of S. E.'s alleged conversations with her counsel are contained in the record before us, and thus, we cannot consider them on appeal. *See* Tex. R. App. P. 38.1(g) (requiring that facts pertinent to appellate issues "must be supported by record references"); *Carlisle v. Phillip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied) (noting that materials

appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating

S. E.'s parental rights and grant counsel's motion to withdraw as attorney of record.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   November 21, 2012

_____

outside the record may not be considered on appeal). Furthermore, S. E.'s ineffective-assistance-of-counsel claim directly contradicts the plain language of the Rule 11 Agreement as well as S. E.'s sworn testimony at trial, in which she asked the Department to make its "best efforts to pursue adoption of the children in their current placement." Given that adoption necessarily required termination of S. E.'s parental rights, we find that S. E.'s counsel was not deficient for failing to contest the termination of her parental rights. *In re M.S.*, 115 S.W.3d at 545 (noting that parent must show counsel's performance was deficient). Finally, even if her counsel was deficient, the record before us shows that S. E.'s parental rights would have been terminated regardless of her counsel's performance, and thus S. E. has failed to show that she was prejudiced. *See id.* (noting that *Strickland* also requires showing of prejudice for counsel to be found ineffective). Therefore, we conclude that S. E.'s ineffective-assistance-of-counsel claim is frivolous.

3