

**NUMBER 13-13-00256-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF M.M.V. AND J.D.V., CHILDREN

On Appeal from the 148th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, David Villarreal Jr., proceeding pro se, attempts to appeal from a judgment rendered on March 1, 2013, terminating his parental rights to M.M.V. and J.D.V., minor children.   Appellant did not file a notice of appeal until May 9, 2013, and did not file a motion for extension of time to file his notice of appeal.   We dismiss the appeal for want of jurisdiction.

On May 15, 2013, this Court notified appellant, pursuant to Texas Rule of Appellate Procedure 42.3(a), that his notice of appeal was untimely. The Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.3, 42.3(b),(c). Appellant was advised that the appeal would be dismissed for want of jurisdiction if the defect was not corrected within ten days from the date of receipt of the Court's notice. Appellant responded to the notice by filing an "Amendment to the Notice of Appeal and Extension of Time to Perfect Appeal." According to this motion, appellant contends that he was required to submit his notice of appeal within thirty days of the signing of the judgment under Texas Rule of Appellate Procedure 26.1(b); however, this time limit was extended to ninety days after signing the judgment because he filed a request for findings of fact and conclusions of law.

The law cited by appellant is inapplicable to this case. In suits where the termination of parental rights is in issue, an appeal of a final order is governed by the rules for accelerated appeals in civil cases. *See* TEX. R. APP. P. 28.4; *see also* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West Supp. 2011). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). Unlike an ordinary appeal, the deadline for filing a notice of accelerated appeal cannot be extended by filing a motion for new trial, motion to modify judgment, motion to reinstate, or a request for findings of fact and conclusions of law. *See id.* R. 28.1(b); *In re K.A.F.,* 160 S.W.3d 923, 927 (Tex. 2005); *see also In re B.G.*, 317 S.W.3d 250, 252–53 (Tex. 2010). However, an appellate court may extend the time to file the notice of appeal, if, within fifteen days after the deadline for filing the notice of appeal, the

2

party files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. TEX. R. APP. P. 26.3; *see In re K.A.F.*, 160 S.W.3d at 926-27. Further, a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). In such a case, the appellant must provide a reasonable explanation for the late filing; it is not enough to simply file a notice of appeal. *Id.*

Appellant's notice of appeal was due to be filed on March 21, 2013, but was not filed until May 9, 2013. Appellant's notice of appeal was untimely, and we lack jurisdiction over this appeal. Accordingly, appellant's motion for leave to file his notice of appeal is DENIED. Because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
6th day of June, 2013.