

# NUMBER 13-14-00591-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF T.A.N.M. AND A.J.F., CHILDREN

**On Appeal from the 25th District Court
of Gonzales County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion Per Curiam**

Appellant, Jesse Manuel Flores, by and through his attorney, attempts to appeal from a judgment rendered on July 28, 2014, terminating his parental rights to T.A.N.M. and A.J.F, minor children. Appellants did not file a notice of appeal until September 22, 2014. We dismiss the appeal for want of jurisdiction.

On October 14, 2014, this Court notified appellant, pursuant to Texas Rule of Appellate Procedure 42.3(a), that his notice of appeal was untimely. The Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if

it could be done. *See* TEX. R. APP. P. 37.3, 42.3(b),(c). Appellant was advised that the appeal would be dismissed for want of jurisdiction if the defect was not corrected within ten days from the date of receipt of the Court's notice. Counsel has failed to file a response.

On July 28, 2014, the trial court entered an order terminating appellant's parental rights. By statute and by rule, an appeal from such an order is accelerated. TEX. FAM. CODE ANN. § 109.002(a) (West 2014); TEX. R. APP. P. 28.4(a)(2). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). Unlike an ordinary appeal, the deadline for filing a notice of accelerated appeal cannot be extended by filing a motion for new trial, motion to modify judgment, motion to reinstate, or a request for findings of fact and conclusions of law. *See id.* R. 28.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see also In re B.G.*, 317 S.W.3d 250, 252–53 (Tex. 2010). However, an appellate court may extend the time to file the notice of appeal, if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. TEX. R. APP. P. 26.3; *see In re K.A.F.*, 160 S.W.3d at 926-27. Further, a motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). In such

a case, the appellant must provide a reasonable explanation for the late filing; it is not enough to simply file a notice of appeal. *Id.*

Appellant's notice of appeal was due to have been filed on August 18, 2014, but was not filed until September 22, 2014. Because appellant's notice of appeal was not filed by the due date or within fifteen days of the due date, we lack jurisdiction over this appeal. We DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
6th day of November, 2014.