# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00502-CV

---

**A. G., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY**
**NO. C210047CPS, THE HONORABLE ELIZABETH WATKINS, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant A.G. (Mother) appeals from the trial court's order, following a bench trial, terminating her parental rights to her child E.G., born May 13, 2021 (Daughter). Mother's court-appointed counsel has filed a motion to withdraw and an *Anders* brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). However, for reasons that we explain below, we conclude that the appeal contains at least one non-frivolous issue for appeal, specifically, the possible denial of Mother's right to counsel in the proceedings below. Accordingly, we will

abate this appeal and remand to the trial court for the appointment of new counsel to brief that and any other issues that new counsel determines to be meritorious.

**Timeliness of notice of appeal**

As a preliminary matter, we must address the timeliness of A.G.'s notice of appeal. The trial court signed its order terminating Mother's parental rights on July 5, 2022, making Mother's notice of appeal due on July 25, 2022. *See* Tex. Fam. Code § 263.405(a) ("An appeal of a final order rendered under this subchapter is governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure."); Tex. R. App. P. 26.1(b) (requiring notice of appeal in accelerated appeal to be filed within 20 days after judgment or order is signed). We may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant files in the trial court the notice of appeal and files in the appellate court a motion for extension of time. *See* Tex. R. App. P. 26.3.

The fifteen-day extension deadline in this case was August 9, 2022. On August 12, 2022, Mother's court-appointed counsel filed a notice of appeal with the trial court and, on August 18, filed with this Court a Rule 26.3 motion for extension of time to file the notice of appeal. Thus, both Mother's notice of appeal and her motion for extension of time were untimely, which would ordinarily require us to dismiss Mother's appeal. *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (providing that "in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions"); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can

no longer invoke the appellate court's jurisdiction."). However, this case presents highly unusual circumstances that compel us, as a matter of due process and fundamental fairness, to grant Mother her right to appeal.

At the conclusion of the final hearing, held via Zoom, the trial court advised Mother, who was in jail at the time and who had not been represented by counsel at any point in the proceedings below, that she had a right to appeal. After the trial court announced its ruling terminating her parental rights, Mother informed the trial court that she wanted to appeal. The trial court briefly inquired into Mother's financial status and then advised her that it would appoint her appellate counsel that day:

[Mother]: So, my rights are terminated?

[The Court]: Yes, ma'am. That is what the ruling is today.

[Mother]: Okay. So, can I appeal it?

[The Court]: You can appeal it. Do you wish to appeal it?

[Mother]: Yes.

[The Court]: All right. [Mother], do you own any property?

[Mother]: No.

[The Court]: Do you have any savings or any other way to retain an attorney?

[Mother]: No.

[The Court]: All right. The Court will appoint you an appellate attorney today

3

who will be getting in contact with you about how to get that started. Okay?

[Mother]:     Okay.

[The Court]:  Thank you.

The trial court did not appoint Mother an attorney that day. Instead, the trial court appointed counsel for Mother on August 8, 2022, well beyond the twenty-day deadline for filing her notice of appeal and one day before the expiration of the fifteen-day deadline for filing a Rule 26.3 motion for extension of time. Making matters worse, counsel did not receive the order appointing him to represent Mother until after the fifteen-day deadline had expired. In his Rule 26.3 motion, which was unopposed by the Department, counsel explained,

> Respondent mother's appellate attorney was appointed on August 8, 2022, and he received the order appointing him as the Respondent mother's appellate attorney on August 11, 2022. After receiving the Order Appointing Appellate Attorney Ad Litem for Respondent Mother for Purpose of Appeal, Respondent's appellate attorney review[ed] the trial court's records and discovered that a notice of appeal had not been filed. Once Respondent mother's appellate attorney discovered that the notice of appeal was not filed, Respondent mother's appellate attorney immediately filed a notice of appeal with the trial court.

After receiving the motion for extension of time, we asked counsel to provide a response explaining how this Court might exercise jurisdiction over this appeal. In his response, counsel noted that Mother had told the trial court at the final hearing that she wanted to appeal, and counsel asked that we consider Mother's oral request to appeal as her formal notice of appeal or, in the alternative, extend Mother's time to file her notice of appeal and to exercise our

4

jurisdiction in this case "due to [the] failure of the trial court to appoint [Mother] a court appointed attorney until after the deadline to file a Notice of Appeal in her case."

Under the unique circumstances of this case, we agree that Mother's request to appeal, which she communicated to the trial court in a timely manner, should not be denied here, even though her written notice of appeal was untimely. Both the United States and Texas Constitutions provide that no person shall be deprived of "life, liberty, or property" without due process of law. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19; *see also University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995) ("While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction."). "The phrase 'due process,' although incapable of precise definition, expresses the requirement of fundamental fairness." *In re B.L.D.*, 113 S.W.3d 340, 352 (Tex. 2003) (citing *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 24 (1981)). "What fundamental fairness requires in a particular situation is determined by 'considering any relevant precedents and then . . . assessing the several interests that are at stake.'" *Id*. (quoting *Lassiter*, 452 U.S. at 25).

The interests at stake here include "the fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65–66 (2000). "The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). Throughout court proceedings to terminate parental rights, "parents retain a vital interest in preventing the irretrievable destruction of their family life," and "persons faced with forced dissolution of their parental rights have a more critical need for procedural

protections than do those resisting state intervention into ongoing family affairs." *Id*. Thus, when the State seeks to terminate parental rights, "it must provide the parents with fundamentally fair procedures." *Id*. at 753–54.

In Texas, those procedures include appellate review of trial court rulings terminating parental rights. *See* Tex. Fam. Code § 263.405(a) (providing for appellate review of final orders terminating parental rights). "Not only must a parent be allowed to appeal the termination of his or her parental rights, but that appeal must be meaningful." *In re S.K.A.*, 236 S.W.3d 875, 890 (Tex. App.—Texarkana 2007, pet. denied) (citing *Douglas v. California*, 372 U.S. 353, 358 (1963)). A meaningful appeal often requires the assistance of counsel. *See Douglas*, 372 U.S. at 355–56. An appeal may be nothing more than a "meaningless ritual" in the absence of counsel who can provide an "examination into the record, research of the law, and marshalling of arguments on [a parent's] behalf." *Id*. at 358. To safeguard a parent's right to a meaningful appeal, the Texas Legislature has provided for the right of an indigent parent to appointed counsel on appeal. *See In re P.M.*, 520 S.W.3d 24, 26 (Tex. 2016) (per curiam) (citing Tex. Fam. Code §§ 107.013(a)(1), (e), 107.016(2)); *S.K.A.*, 236 S.W.3d at 891. The statutory right to counsel "necessarily includes the right to effective assistance of counsel" as a matter of due process. *In re M.S.*, 115 S.W.3d 534, 550 (Tex. 2003); *see In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (summarizing requirements for proving ineffective assistance of counsel in cases involving termination of parental rights). The untimely appointment of counsel can result in counsel providing ineffective assistance, which deprives a parent of due process. *See In re B.G.*, 317 S.W.3d 250, 258 (Tex. 2010); *In re J.O.A.*, 283 S.W.3d 336, 343–44 (Tex. 2009).

That is what happened here. After the trial court advised Mother that she had a right to appeal, Mother informed the trial court that she wanted to exercise that right. The trial

6

court then determined that Mother was entitled to appointed counsel for that purpose and told Mother that it would appoint her counsel that day. However, the trial court did not appoint counsel for Mother until after the deadline for filing a notice of appeal had passed and one day before the deadline for filing a motion for extension of time. Moreover, appointed counsel did not receive notice of his appointment until after the deadline for filing the motion for extension of time had passed, which prevented counsel from timely filing Mother's notice of appeal.

To deny Mother her right to appeal under these circumstances would amount to a denial of due process in a case where Mother's fundamental and constitutionally protected parental rights are at stake. We will not permit that denial here. Although we are cognizant of Texas Supreme Court precedent prohibiting the filing of a notice of appeal after the fifteen-day extension window has closed, *see In re K.A.F.*, 160 S.W.3d at 927; *Verburgt*, 959 S.W.2d at 617, we are also aware of Texas Supreme Court precedent concluding that procedures to expedite termination proceedings "must yield to due process," *see In re E.R.*, 385 S.W.3d 552, 555, 562, 567 (Tex. 2012) (explaining, in case involving "a strict six-month deadline to challenge a termination judgment following citation by publication," that "due process prevails over a state law time limit, even one imposed on challenges to termination of parental rights or adoptions" and that interest of child and Department in "finality cannot trump a parent's constitutional right to be heard"); *B.G.*, 317 S.W.3d at 358 (concluding in case involving untimely filing of statement of appellate points that "late filing should not impede [parent's] appeal . . . and the court of appeals should consider the issues raised in [parent's] statement of points as if it had been timely filed"); *J.O.A.*, 283 S.W.3d at 339–40, 347 (concluding that due process required that parents be allowed to appeal issue of ineffective assistance of counsel despite failure of counsel to timely file statement of points). We conclude that in this case, the fifteen-day

deadline for filing a motion for extension of time should yield to due process and Mother should be allowed to appeal the trial court's order terminating her parental rights. *See B.G.*, 317 S.W.3d at 358; *S.K.A.*, 236 S.W.3d at 892–94 (deeming appellant's late-filed statement of points timely when trial court failed to timely appoint appellate counsel and observing that parent "had no trial counsel to protect his rights pending appointment of appellate counsel"); *see also In re D.P.G.*, No. 05-20-00652-CV, 2021 WL 2472717, at *1–3 (Tex. App.—Dallas June 17, 2021, no pet.) (mem. op.) (concluding in similar case involving failure of trial court to timely notify appellate counsel of appointment that deadline for filing notice of appeal and motion for extension of time should be excused in that case). Accordingly, we grant Mother's motion for extension of time to file her notice of appeal.

### *Anders*

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). After reviewing the record and the *Anders* brief submitted on Mother's behalf, we have identified at least one issue that might arguably support an appeal, specifically the possible denial of Mother's right to counsel during the proceedings below.

Section 107.013 of the Texas Family Code grants indigent parents the right to appointed counsel in Department-initiated termination proceedings. Tex. Fam. Code § 107.013(a). Moreover, "if a parent is not represented by an attorney at the parent's first appearance in court, the court shall inform the parent of: (1) the right to be represented by an attorney; and (2) if the parent is indigent and appears in opposition to the suit, the right to an

8

attorney ad litem appointed by the court." *Id*. § 107.013(a-1). This requirement applies not only at a parent's initial court appearance, but also "[b]efore commencement of the full adversary hearing," *id*. § 262.201(c), and "[a]t the status hearing and at each permanency hearing held after the date the court renders a temporary order appointing the department as temporary managing conservator of a child," *id*. § 263.0061(a). Arguably, a parent should also be admonished of her right to counsel before the commencement of trial on the merits, a critical stage of the termination proceedings at which indigent parents are entitled to court-appointed counsel. *See id*. §§ 107.0131(a) (listing duties of appointed counsel in termination proceedings, including ensuring that parent has "competent representation at . . . the trial on the merits"); *In re A.J.*, 559 S.W.3d 713, 721–22 (Tex. App.—Tyler 2018, no pet.) (concluding that failure of trial court to admonish parent of his right to counsel or timely appoint counsel before trial deprived parent of due process). Repeatedly admonishing a parent of her right to counsel is important because

> Parents face a complex and nuanced family-law system that is challenging to navigate without the guidance of counsel. Considering the importance of the fundamental rights at issue, the Legislature has adopted important safeguards in sections 107.013 and 263.0061 to help ensure parents will not be deprived of their parental rights without due process of law. While the trial court cannot force parents to retain counsel or follow the procedures required for establishing indigency, the statutory framework mandates that courts repeatedly inform unrepresented parents about their statutory rights so they will have an adequate opportunity to understand and invoke those rights.

*In re B.C.*, 592 S.W.3d 133, 137 (Tex. 2019).

On the record before us, it appears that Mother was admonished of her right to counsel at the May 26, 2021 initial adversary hearing and at the August 30, 2021 status hearing but not at any point after that, including before the start of trial on April 13, 2022, or before the

9

continuation and conclusion of trial on June 29, 2022.[1] Mother, who the trial court apparently determined to be indigent and entitled to counsel at least for purposes of appeal, thus "remained unrepresented at trial and her relationship with her child was permanently severed." *See id*. We conclude that Mother's lack of legal representation in the proceedings below is a non-frivolous issue that should be argued on appeal.

---

[1] Although we do not have a record of the pretrial hearings, in the trial court's docket sheet entry summarizing the initial adversary hearing on May 26, 2021, the trial court wrote,

> The Court advised the Respondent Mother and the Respondent Alleged Father of their right to retain legal counsel and advised the Respondent Mother of her right to request court-appointed legal counsel if she were opposed to the relief requested by the Department and if she could establish indigence. The Respondents did not oppose the relief requested and they did not request time to retain counsel or request court-appointed counsel.

Then, following a status hearing held on August 30, 2021, the trial court wrote,

> The Court again advised the Respondent Mother of her right to retain counsel and of her right, if she were opposed to the relief sought by the Department and if she could establish indigence, of her right to request court-appointed counsel and the procedure to do so. The Respondent Mother made no request for counsel at the hearing.

Finally, following the initial permanency hearing on November 9, 2021, at which Mother did not appear, the trial court wrote,

> The Court took judicial notice of the Court's file to the extent it reflected that the Court had previously advised the Respondent Mother of her right to retain counsel and of her right, if she were opposed to the relief sought by the Department and if she could establish indigence, of her right to request court-appointed counsel and the procedure to do so. The Respondent Mother has made no request for counsel to the Court and no attorney purporting to represent her has entered an appearance in the case on her behalf.

Because an *Anders* brief has been filed, we may not address the merits of any arguable ground for appeal until the issue has been briefed by new counsel. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Accordingly, the appeal is abated. The trial court is instructed to appoint substitute counsel to file a brief addressing the above issue, along with any other issue that counsel deems meritorious. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Present counsel's motion to withdraw is granted. *See id*. A copy of the order appointing substitute counsel shall be forwarded to this Court no later than November 8, 2022. Substitute counsel's brief will be due twenty days after the date of appointment.

Before Chief Justice Byrne, Justices Triana and Smith

Abated and Remanded

Filed: October 19, 2022

11