**Opinion issued March 10, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-00858-CV**

————————————

## IN THE INTEREST OF K.M. & K.L.R., CHILDREN

———

**On Appeal from the 312th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-02124J**

———

## MEMORANDUM OPINION

After a bench trial, the trial court entered a decree terminating the parental rights of the mother and father as to two children. The mother appeals the decree.

The mother argues the evidence is legally and factually insufficient to support the trial court's finding that she constructively abandoned the children. She also

argues the trial court abused its discretion in appointing the Texas Department of Family and Protective Services as the sole managing conservator of the children.

Settled Texas law compels us to reject the mother's arguments. Her evidentiary insufficiency argument necessarily fails for two independent reasons: (1) she does not challenge all possible grounds supporting the trial court's decree, and (2) we could not review her evidentiary insufficiency complaint in any event because the reporter's record has not been made part of the record on appeal. As a result, we can only affirm the termination of her parental rights. And because we must affirm the termination of parental rights, she has no standing to challenge the trial court's appointment of the Department as the children's sole managing conservator.

We affirm.

## BACKGROUND

### The Trial Court's Decree

In its decree, the trial court found by clear and convincing evidence that termination of the mother's parental rights was warranted on three grounds:

- the mother placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional wellbeing;

- the mother engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional wellbeing; and

- the mother constructively abandoned the children.

*See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (N) (listing each of the three preceding acts as independent grounds for terminating parental rights). In addition, the trial court found that the termination of the mother's parental rights was in the best interest of the children. *See id.* § 161.001(b)(2) (requiring best-interest finding in addition to one of the acts that the statute identifies as grounds for termination). Finally, the trial court appointed the Department as sole managing conservator.

## The Record on Appeal

This case was tried to the bench. But the reporter's record of the bench trial has not been filed with this Court on appeal.

The Court notified the parties that the reporter's record had not been filed, yet even after that notice, no record was filed. Nor did either of the parties move for an extension of time to do so or seek other relief regarding the absence of the reporter's record. Eventually, the Court entered an order informing the parties that it would consider and decide those issues that do not require a reporter's record for a decision.

## DISCUSSION

**I.    The mother does not challenge all grounds for termination or the best-interest finding; consequently, under settled law, we can only affirm the termination decree.**

The mother challenges the trial court's constructive-abandonment finding under Section 161.001(b)(1)(N). But she does not challenge either of the trial court's child-endangerment findings under Sections 161.001(b)(1)(D) and

3

161.001(b)(1)(E). Nor does she challenge the trial court's best-interest finding under Section 161.001(b)(2).

For the reasons explained below, under these circumstances, settled law is clear that we can only affirm the trial court's termination decree because a single finding under Section 161.001(b)(1) (and there are two that she does not challenge), accompanied by a best-interest finding under Section 161.001(b)(2) (which she did not challenge), suffices to support the termination of parental rights.

### A.      Applicable law

To terminate parental rights, the Department must prove that a parent committed one or more statutorily enumerated predicate acts or omissions and that termination is in the child's best interest. TEX. FAM. CODE § 161.001(b)(1)–(2). The Department need only prove one of these statutorily enumerated predicate acts or omissions, along with the best-interest finding. *See id.*; *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The Department must make these showings by clear and convincing evidence—"proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE §§ 101.007, 161.001(b).

### B.      Analysis

When a trial court finds that termination is warranted based on more than one statutorily enumerated predicate act or omission under Section 161.001(b)(1), the

4

parent must successfully challenge all of these findings, as well as the trial court's best-interest finding under Section 161.001(b)(2), in order to obtain reversal of the trial court's termination decree. This is so because a finding as to any one statutorily enumerated predicate act or omission, along with the best-interest finding, is sufficient to support the trial court's termination decree. *See id.* § 161.001(b)(1)–(2); *In re A.V.*, 113 S.W.3d at 362.

If, as here, a parent fails to do so, Texas law says that she presents nothing for review, and we can only affirm the termination decree. *See, e.g.*, *In re E.F.K.*, No. 01-24-00120-CV, 2024 WL 3417138, at *6 (Tex. App.—Houston [1st Dist.] July 16, 2024, no pet.) (declining to review constructive-abandonment finding, as mother conceded sufficient evidence supported child-endangerment finding, and then reviewing challenge to best-interest finding); *see also In re T.G.R.-M.*, 404 S.W.3d 7, 13 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (appellate court will affirm based on any one statutory predicate act or omission when trial court terminates based on multiple predicate acts or omissions).[1]

---

[1] There is an exception: when a parent challenges a child-endangerment finding made under Sections 161.001(b)(1)(D) or 161.001(b)(1)(E), we will review that finding even if we must affirm the termination decree based on unchallenged findings; we do so because of the collateral consequences that accompany child-endangerment findings. *In re E.F.K.*, 2024 WL 3417138, at *6. But under our precedent, we do not review child-endangerment findings when, as here, the parent does not challenge them. *In re A.B.-G.*, No. 01-24-00509-CV, 2024 WL 4982500, at *11–12 (Tex. App.—Houston [1st Dist.] Dec. 5, 2024, pet. denied).

This is not a special rule applicable to parental-termination appeals. It is merely an application of the general rule that we affirm when an appellant fails to challenge all independent grounds that could support the trial court's judgment. *See, e.g.*, *Luna v. Tyler*, 711 S.W.3d 708, 717 (Tex. App.—Houston [1st Dist.] 2025, no pet.) (affirming as appellant did not challenge all bases for judgment); *see also In re A.A.H.*, Nos. 01-19-00612-CV & 01-19-00748-CV, 2020 WL 1056941, at *11 n.6 (Tex. App.—Houston [1st Dist.] Mar. 5, 2020, pet. denied) (explaining that this rule generally applies in parental-termination appeals).

Thus, under the circumstances, we have no choice but to affirm. We overrule the mother's first issue.

## II. Even if the mother challenged all of the pertinent findings, we could not review her evidentiary sufficiency challenges without the reporter's record.

Even if the mother had challenged all the findings underling the trial court's termination decree—its findings that termination was warranted under Sections 161.001(b)(1)(D), 161.001(b)(1)(E), and 161.001(b)(1)(N), as well as its finding that termination was in the children's best interest under Section 161.001(b)(2)—we would be constrained to reject her legal and factual sufficiency challenges. Under settled Texas law, we cannot sustain an *evidentiary sufficiency* challenge when, as here, the reporter's record has not been made part of the appellate record.

6

### A.    Applicable law

As we have explained, the Department needed to make the showings necessary to support termination of parental rights by clear and convincing evidence. *See* TEX. FAM. CODE §§ 101.007, 161.001(b). When, on appeal, a parent challenges the legal or factual sufficiency of the evidence to support these findings, the parent's challenges necessarily require us to review the evidence at trial to determine whether the parent's arguments have merit. *See In re E.D.*, 682 S.W.3d 595, 606–07 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) (setting forth standard of review).

But when the resolution of an appellate issue turns on the review of the evidence at trial, yet that evidence has not been made a part of the appellate record, we cannot conduct the review and instead can only overrule the issue. *See In re B.G.*, 317 S.W.3d 250, 256 (Tex. 2010) (it is impossible for appellant to show evidence for termination is not clear and convincing without a reporter's record); *see, e.g.*, *In re C.L.W.*, No. 01-01-00961-CV, 2002 WL 1481168, at *2–3 (Tex. App.—Houston [1st Dist.] July 11, 2002, no pet.) (not designated for publication) (overruling challenge to sufficiency of evidence because without a reporter's record, appellate court must presume evidence supports findings).[2]

---

[2] *Accord J.W. v. Tex. Dep't of Family & Protective Servs.*, No. 03-23-00151-CV, 2023 WL 5208035, at *3 (Tex. App.—Austin Aug. 15, 2023, pet. denied); *In re K.L.J.*, No. 07-10-00436-CV, 2011 WL 3167416, at *3 n.5 (Tex. App.—Amarillo July 27, 2011, pet. denied); *In re L.K.M.*, No. 02-06-00228-CV, 2008 WL 110505, at *4 (Tex. App.— Fort Worth Jan. 10, 2008, no pet.); *In re R.R.*, No. 04-03-00096-CV, 2003 WL

## B.     Analysis

Here, the reporter's record of the trial has not been filed in this Court, and it thus is not part of the appellate record. Without it, we cannot review the mother's challenge to the sufficiency of the evidence as to the trial court's constructive-abandonment finding under Section 161.001(b)(1)(N) (or any other evidentiary sufficiency challenge that she could have made but has not asserted in her appellate brief). *See In re B.G.*, 317 S.W.3d at 256; *In re C.L.W.*, 2002 WL 1481168, at *2–3.

We also overrule the mother's first issue on this alternative basis as well.

## III.   As we must affirm the trial court's termination of the mother's parental rights, the mother lacks standing to challenge the conservatorship ruling.

The mother also challenges the trial court's ruling appointing the Department as the sole managing conservator of the children. But when, as here, we affirm the trial court's termination of a parent's parental rights, settled law dictates that the parent lacks the standing necessary to challenge the trial court's appointment of a conservator. *See In re J.D.G.*, 570 S.W.3d 839, 856 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

---

22080522, at *1 (Tex. App.—San Antonio Sept. 10, 2003, no pet.). Once again, this is not a special rule applicable to parental-termination appeals; it is merely a specific application of the general rule that review of evidentiary sufficiency requires the evidence in question to be included in the appellate record. *See, e.g.*, *Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 483 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (evidentiary sufficiency complaints unevaluable without reporter's record).

We overrule the mother's second issue.

## CONCLUSION

We affirm the trial court's decree.

Jennifer Caughey
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.